IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

INFINITY,

        Plaintiff,                      No. CIV S-07-2183 LKK DAD P

    vs.

CA LEGISLATURE, et al.,           ORDER AND

        Defendants.            FINDINGS AND RECOMMENDATIONS

/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a) & 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. See 28 U.S.C. § 1915(b)(1). Plaintiff will be obligated to make monthly payments of twenty percent of

the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In the present case, plaintiff seeks a permanent injunction prohibiting state officials from enforcing California state law.  Plaintiff contends that he is a political prisoner suffering a violation of his Eighth Amendment rights because he was denied his Fourteenth Amendment due process rights.  Plaintiff alleges that he was arrested, charged, tried, convicted, sentenced and imprisoned under California statutory law, which is void pursuant to the California Constitution.

Plaintiff's complaint fails to state a claim upon which relief can be granted and is frivolous.  It appears based on the outlandish premise that all California statutory law is invalid

/////

1 under the California Constitution, an indisputably meritless legal theory.  Accordingly, this court
2 will recommend that this action be dismissed.

   Accordingly, IT IS HEREBY ORDERED that:

   1.  Plaintiff's October 15, 2007 application to proceed in forma pauperis is granted; and

   2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

   IT IS HEREBY RECOMMENDED that:

   1.  Plaintiff's complaint be dismissed as frivolous; and

   2.  This action be closed.

   These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 6, 2008.

            /s/ Dale A. Drozd
            DALE A. DROZD
            UNITED STATES MAGISTRATE JUDGE

DAD:9
infi2183.56